UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERMAN LAMOIT POUNDS,

    Plaintiff,

                                                                             CASE No. 1:23-CV-455

v.

                                                                             HON. ROBERT J. JONKER

JARED POPP, ET AL.,

    Defendants.

_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation (ECF No. 8) and Plaintiff's Objection to the Report and Recommendation (ECF No. 9). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

The Magistrate Judge recommends dismissing Plaintiff's Complaint for failure to state a claim on which relief may be granted under the screening mechanism of 28 U.S.C. § 1915(e)(2). In the Report and Recommendation, the Magistrate Judge observes that Plaintiff alleged he was arrested based on a warrant on an unknown date by unknown police officers. The Magistrate Judge further notes that on May 10, 2023, the Court issued an Order informing Plaintiff that his allegations failed to state a claim. The Court gave Plaintiff until May 24, 2023, within which to file an Amended Complaint that cured the deficiencies in the original pleading.

On June 5, 2023, with no timely submission having been filed, the Magistrate Judge entered the instant Report and Recommendation that recommended the Court dismiss Plaintiff's Complaint. Plaintiff's objection purports to provide an Amended Complaint. However, as with the original Complaint, the amended pleading is cryptic, vague, and difficult to decipher. Plaintiff alleges, for example:

> On January 7th, 2023 at 11:26 a.m. I claim Officer Jared Popp and all defendants refuse to fill out and sign the mandatory questionnaire and notice to the government employee affidavit. Trustees, agents, correspondence not signed in affidavit from (under penalties of perjury, commercial liability). 10, 000 in silver dollar coin convertible to the legal and lawful ratio prescribed by law of 24:1 of Federal Reserve notes to silver dollars per communication, not in compliance.

The rest of the purported amended pleading is similarly confusing and unfocused. The allegations fail to state a *Twombly* plausible claim. Accordingly, Plaintiff's objections fail to deal in a meaningful way with the Magistrate Judge's analysis. The Magistrate Judge carefully and

thoroughly considered the record and the governing law. The Magistrate Judge properly analyzed Plaintiff's claims. Nothing in Plaintiff's Objections changes the fundamental analysis.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 8) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915(e)(2).

The Court discerns no good-faith basis for appeal of this matter. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

This case is **CLOSED.**


Dated:   August 25, 2023                  /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          UNITED STATES DISTRICT JUDGE